UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| SETH MICHAEL MCQUEEN,<br>  Plaintiff,<br><br>V.<br><br>ANDREW SAUL, Commissioner of<br>Social Security,<br>  Defendant. | CIVIL ACTION NO. 6:18-00289-KKC<br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on cross motions for summary judgment. (DE 13; DE 21.) Plaintiff, Seth Michael McQueen, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision to deny him supplemental security income benefits. (DE 2 at 1.) For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## BACKGROUND

Plaintiff filed an application for supplemental security income benefits on November 20, 2015, alleging disability beginning May 19, 2015. (AR at 38.) After the Social Security Administration ("SSA") disallowed his application for benefits – initially on March 10, 2016, and then again after reconsideration on August 4, 2016 – Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 38.) The hearing was held on December 15, 2017, and ALJ Brandie Hall denied his claim on March 26, 2018. (AR at 35-48.)

1

In denying Plaintiff's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act ("Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that "[t]he claimant had not engaged in substantial gainful activity since November 20, 2015, the application date." (AR at 40.)

At step two, the ALJ determined that the claimant has the following five severe impairments: "right mid shaft tibula fracture, non-displaced with a resultant nonunion; blindness in left eye; obesity; mood disorder; and PTSD (post traumatic stress disorder)." (AR at 41.)

At step three, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR at 41.)

Before proceeding to step four, the ALJ determined "that the claimant has the residual functional capacity to perform less than a full range of sedentary works as defined in 20 CFR 416.967(a)." (AR at 43.) The ALJ determined that "[t]he claimant cannot perform jobs that require pushing, pulling, or operating foot controls with right lower extremity;" that he "cannot be exposed to workplace hazards… and cannot climb ladders, ropes, or scaffolds due to issues of depth perception;" that he "could only tolerate occasional interactions with the public;" and that he "is unable to perform fast paced production work." (AR at 43.)

At step four, the ALJ determined that "[t]he claimant is unable to perform any past relevant work." (AR at 46.)

At step five, the ALJ determined that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could perform." (AR at 47.) In making this determination, the ALJ relied on a vocational expert ("VE"), who testified that a

hypothetical individual with these given factors "would be able to perform the requirements of representative sedentary, unskilled occupations such as: a document preparer, DOT# 249.587.018 (47,000 jobs in the national economy); an assembly worker, DOT# 706.684.030, (25,000 jobs in the national economy); a cutter, DOT# 249.587.014 (4,000 jobs in the national economy)." (AR at 47.)

Plaintiff requested review of the ALJ's decision, but on September 8, 2018, the Appeals Council denied that request, finding no basis for changing the ALJ's decision. (AR at 1.) Plaintiff filed the present action in this Court on November 9, 2018. (DE 2.) On April 5, 2019, Plaintiff filed his motion for summary judgment (DE 13), and on May 6, 2019, Defendant filed his motion for summary judgment (DE 21).

## ANALYSIS

This Court's review of the decision by the ALJ is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Under Sixth Circuit law, "[t]he substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion," and a court "will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff appears to raise a single challenge to the ALJ's decision: that at step five of the analysis summarized above, the ALJ should not have relied on the opinion of VE Robert Breslin because that opinion "was supported neither by the record nor by common sense." (DE 13-1 at 1.) The standard on which this Court will rule, however, is whether the ALJ's opinion is supported by substantial evidence in the record, not a testifying expert's. *See*

3

*Rogers*, 486 F.3d at 241. And clearly, the ALJ's opinion on whether there are jobs in the national economy that a hypothetical person with the claimant's age, education, work experience, and residual functional capacity could perform was supported by the record: it is undisputed by the parties that VE Breslin testified that an individual with such attributes "would be able to perform the requirements of… a document preparer… an assembly worker… [and] a cutter." (AR at 47.)

Rather, Plaintiff's position could more accurately be characterized as a challenge to the content of the testimony itself; he asks the Court to find that the weaknesses of that testimony render the ALJ's decision, made in reliance on that testimony, unsupported by substantial evidence. In sum, Plaintiff argues that the jobs identified by VE Breslin "do not actually exist in today's economy," (DE 13-1 at 9) or have been "shipped overseas" (DE 13-1 at 11). During the portion of his testimony relevant here, VE Breslin cited the Dictionary of Occupational Titles ("DOT") when testifying as to the three representative occupations that Plaintiff would be able to perform. (AR at 47.) The SSA "take[s] administrative notice of" the DOT, and it is considered a source of "reliable job information." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010); 20 C.F.R. § 404.1566(d). But, according to Plaintiff, the position of document preparer "has long since become obsolete;" the listed job title for the position of atomizer assembler was "last updated more than 40 years ago;" and the cutter position "has been obsolete for at least a generation." (DE 13-1 at 8.) Plaintiff believes that the document preparer position cited by VE Breslin "doesn't exist anymore in any meaningful sense," that the assembler position belongs to an industry that "has moved to Asia" and is, regardless, not appropriate for him because of his poor eyesight, and that no cutter positions exist today. (DE 13-1 at 9-10.)

But as Defendant highlights in his motion (DE 21 at 4) and Plaintiff also concedes (DE 24 at 1), Plaintiff's counsel did not challenge the vocational expert's testimony during

4

the administrative hearing. The transcript reflects no attempt at cross-examination; when the ALJ asked counsel whether she had any questions for VE Breslin, the only response was, "I don't believe so, Your Honor." (AR at 94-95.) Further, Plaintiff points to no evidence in the administrative record that this issue was raised to the Appeals Council, and the Court has been unable to independently locate such evidence. "The Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Harris v. Comm'r of Soc. Sec.*, No. 1:11-CV-1290, 2012 WL 4434078, at *3 (N.D. Ohio Sept. 24, 2012) (citing, *inter alia*, *Hammond v. Charter*, 116 F.3d 1480 (6th Cir. 1997) (Table)). Stated more generally, "the failure to raise a claim during the administrative process generally causes a plaintiff to forfeit his ability to raise the claim in federal court." *Blackburn v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 1110, 1111-12 (E.D. Ky. 2018) (citing *Maple v. Apfel*, 14 F. App'x 525, 537 (6th Cir. 2001)); *see also Hix v. Dir., Office of Workers' Comp. Programs*, 824 F.2d 526, 527 (6th Cir. 1987) (discussing "the general rule that under the exhaustion of remedies doctrine, a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal."); *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012) ("It is axiomatic that a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal." (quotation marks and citation omitted)).

The Court is unmoved by Plaintiff's argument that counsel did not have the appropriate opportunity to question VE Breslin. (DE 24 at 1-2.) Plaintiff argues that the testimony was "completely misleading," and that the jobs referenced in the testimony – document preparer, assembly jobs, and cutter jobs (AR at 93) – "are broad and innocuous-sounding." (DE 24 at 1.) According to Plaintiff, unless counsel "could access the [DOT] on the spot, within seconds, then she could have no idea that the jobs were in fact something

completely different and more specific than as identified by the VE at the hearing," (DE 24 at 1) which, according to Plaintiff, would have required counsel to "enter the numbers for the DOT title during the hearing on the Department of Labor's website," and "it is unknown whether the hearing rooms are connected to the internet." (DE 24 at 2.)

The code number for the "document preparer" position that VE Breslin cited references the job title "Document Preparer, Microfilming." 2 Clerical and Sales Occupations, *available at* https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT02C.HTM (last visited September 25, 2019). The code number for the "assembly jobs" that VE Breslin cited references the job title "Atomizer Assembler." 7 Benchwork Occupations, *available at* https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT07A.HTM (last visited September 25, 2019). The code number for the "cutter jobs" that VE Breslin cited references the job title "Cutter-and-Paster, Press Clippings." 2 Clerical and Sales Occupations, *available at* https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT02C.HTM (last visited September 25, 2019). According to Plaintiff, without the opportunity to first read the descriptions for the job titles cited by VE Breslin, counsel could not be properly prepared for cross-examination (DE 24 at 2) and, thus, the Court should excuse the failure to have raised this issue during the administrative process.

The Court disagrees. Plaintiff provides no binding precedent for his argument that it was impossible for counsel to question the witness without particular accommodations for the hearing; the Court is not persuaded that Plaintiff's counsel could not cross examine VE Breslin as to the veracity of his testimony. The ALJ questioned VE Breslin whether his testimony had been consistent with the DOT, and Plaintiff's counsel – having been given explicit opportunity to do so – declined to cross examine him on the issue of consistency, or any other issue. (AR at 94-95.)

In fact, the law allows little room for excusing a failure to raise an issue during an administrative proceeding. In *Maloney*, the plaintiff argued that the ALJ had improperly refused to allow her sister-in-law to testify at her administrative hearing. 480 F. App'x at 808. The plaintiff claimed that "she could not have raised the issue to the ALJ because the ALJ did not explain why he excluded the testimony until he issued his opinion." *Id* at 810. As the Sixth Circuit held, "[t]his may be true, but it is immaterial. Maloney had to raise the issue to the agency, and had that opportunity during her administrative appeal to the Appeals Council. Her failure to do so constitutes a waiver." *Id. Maloney* is persuasive on the facts here. Even if it were practically difficult under the circumstances for counsel to cross examine VE Breslin on his citations to the DOT, that determination cannot force the Court to violate the strictures of its "limited reviewing role." *Kidd v. Comm'r of Soc. Sec.*, No. 5:17-CV-420-REW, 2018 WL 3040894, at *9 (E.D. Ky. June 19, 2018).

Because Plaintiff did not raise his central claim in this action during the administrative proceeding, and because he presents no persuasive argument as to why the Court should excuse that failure, he has waived the opportunity to present it now.

The central claim in this action having been waived, the Court will only briefly address the substance of Plaintiff's argument: in sum, that VE Breslin's testimony "is of no value whatsoever," (DE 13-1 at 6) and that the jobs that he identified "do not actually still exist in today's economy" (DE 13-1 at 9).

As an initial matter, the decision in *Cunningham v. Comm'r of Soc. Sec.*, 360 F. App'x 606 (6th Cir. 2010), discussed by Plaintiff (DE 13-1 at 11-12), is not dispositive here. The court in that case noted that when "common sense dictates" that the job descriptions in the DOT "appear obsolete, a more recent source of information should be consulted." *Id.* at 615. But "many courts have criticized *Cunningham's* singular status," and "*Cunningham* cited no legal authority for its broad musings, instead principally relying on the panel majority's

7

'common sense' to reach its conclusions. This approach, divorced from prior and subsequent Sixth Circuit case law, departs from typically deferential, substantial-evidence review and empties the force from much of *Cunningham's* generalized commentary." *Kidd*, 2018 WL 3040894, at *8 (citations omitted).

Even accepting *Cunningham* on its own terms, the Court is unpersuaded that its holding requires it to remand a case for further consideration whenever a plaintiff argues that the DOT job descriptions cited in an administrative hearing are not up-to-date. To the extent *Cunningham* is persuasive precedent on the relevant question here, its only clear instruction is that the Court should determine whether the "descriptions appear obsolete" and, having made that determination (based only on "appear[ance]"), consult "a more recent source of information." *Cunningham*, 360 F. App'x at 615. Although the positions of document preparer, atomizer assembler, and cutter-and-paster may seem significantly less relevant in the modern economy than they once were, determining that those positions "appear obsolete" requires taking another step.

Plaintiff's arguments about the jobs at issue here are not entirely without merit. For example, Plaintiff directs the Court to the decision in *Czosnowski v. Comm'r of Soc. Sec.*, No. RDB-13-1467, 2014 WL 1660083, at *3-*4 (D. Md. Apr. 23, 2014), which discusses two of the positions at issue here – cutter and document preparer. That court found that those positions were obsolete and noted that "[n]either position is found, either in identical or substantially similar fashion, in O*NET." *Id.* (quoting *Cunningham*, 360 F. App'x at 615-16).[1] The

---

[1] The Occupational Information Network ("O*NET") is sponsored by the U.S. Department of Labor/Employment and Training Administration and purports to be "the nation's primary source of occupational information… containing hundreds of standardized and occupation-specific descriptors on almost 1,000 occupations covering the entire U.S. economy." About O*NET, *available at* https://www.onetcenter.org/overview.html (last visited September 25, 2019). Although the Department of Labor has replaced the DOT with O*NET, and O*NET is continually updated, *Cunningham*, 360 F. App'x at 616, the SSA has not formally recognized it as an

8

*Cunningham* court made a similar finding as to the document preparer position, holding that "the VE's dependence on the DOT listings alone does not warrant a presumption of reliability" because the description "relied on by the VE [is] not found in O*NET." *Cunningham*, 360 F. App'x at 616. The *Kidd* court followed a similar practice in its analysis. *See Kidd*, 2018 WL 3040894, at *10 (reviewing corresponding O*NET descriptions for DOT job titles referenced by the VE). Plaintiff here claims that O*NET features no listing for any of the jobs cited by VE Breslin (DE 13-1 at 10) – a claim not addressed by Defendant.

Plaintiff compels the Court to take the next step – finding that these jobs appear obsolete. The issue having been waived, the Court declines to do so.

## CONCLUSION

Accordingly, the Court hereby ORDERS as follows:

1) Plaintiff's Motion for Summary Judgment (DE 13) is DENIED;

2) Defendant's Motion for Summary Judgment (DE 21) is GRANTED;

3) the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4) a judgment will be entered contemporaneously with this order.

Dated October 1, 2019



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

authoritative source, nor has the SSA administratively noticed O*NET, and an agency panel found it to be unsuitable for disability adjudication, *Kidd*, 2018 WL 3040894, at *8.